**William Edward LIVINGSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41951.**

Court of Criminal Appeals of Texas.

March 19, 1969.

Norman Kinne, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, James P. Finstrom and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for robbery; the punishment, fifty years.

It is contended by the appellant that the evidence only shows an offense of misdemeanor theft or theft from the person.

It is revealed by the testimony of the state that on May 17, 1967, Betty Sue Robertson was a waitress operating the Amber Lounge working from 5 p. m., until she began closing at midnight by walking three persons, including the appellant, to the door, and after they had left she closed the lounge and went to her car which was parked nearby in a lighted area. When she approached her car, the only car then on the lot she saw "knees sticking up" from the back floorboard. When she asked, "What do you want?", the appellant sprang out of the car with a pistol pointing toward her and said, "Get in the car and let's ride," grabbed her and began pushing her into the car, bruised her arm in the scuffle and caused her to drop her purse and fall, and then he seized her purse and ran. During the scuffle the pistol was fired one time. The witness, Robertson, testified that the purse contained a billfold with four to nine dollars in it which the appellant took against her will and without her consent by putting her in fear of her life and bodily injury.

Testifying in his own behalf, the appellant admitted going to the Amber Lounge about 10:30 p. m., on the night in question where he remained until about midnight when he left going directly to his home; that he never owned a pistol, was not in the Robertson car and never took anything from the witness Robertson. Appellant's alibi was supported by the testimony of his mother who testified that she saw his car at his home shortly after midnight.

In rebuttal the state proved that the billfold, driver's license and some papers taken at the time in question from the witness, Robertson, were found within five or six

blocks of the Amber Lounge; and a pistol with one spent shell in it was found in the area which the witness, Robertson, testified "looks similar" to the one used by the appellant at the time he took her purse.

 The evidence is sufficient to warrant the finding of the jury that the appellant committed the offense of robbery by assault and supports the conviction.

Error is urged on the ground that the jury argument of the state's attorney was of such a prejudicial nature as to render appellant's conviction "nugatory."

The appellant complains of six statements made during the jury argument of the prosecutor.

To three of the statements no objections were made, one was a general objection, and objections were directed to two.

 The arguments appear to be reasonable deductions from the evidence or pleas for law enforcement, and none was of such a nature as to call for a reversal.

The judgment is affirmed.